UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
PRINCE DIVINE MESSIAH MUHAMMAD,

                Plaintiff,

              -against-

NEW YORK CITY and JUDGE JOHN
GLEESON,

                Defendants.
---------------------------------------------------------------- x

MEMORANDUM AND ORDER

16-CV-0268 (ENV) (LB)

VITALIANO, D.J.,

      *Pro se* plaintiff Prince D. M. Muhammad is a frequent litigant in this and other federal courts in New York State. In part consequence, and certainly not surprisingly, this action is dismissed as duplicative and barred as against Judge John Gleeson by absolute immunity. An explanation of the reasoning follows.

      On January 12, 2016, the Clerk's Office received a complaint captioned for the United States District Court for the Southern District of New York. It appeared to be missing pages and was not dated or signed. In the partial complaint, Muhammad alleges: "I been beaten, forced to take medications that lead me to have diabetes and glaucoma. Had my property taken from me an left with nothing. Been locked up since 1979." ECF Dkt. No. 1, at 3. He further alleges that he was denied glasses and a cane. *Id.*

      The Clerk's Office then began a back-and-forth with plaintiff, sending him forms for this district court along with additional copies of documents from his cases, and returning notices of appeal that appear to have been meant for the Southern District. See ECF Dkt. Nos. 5-8. On February 22, 2016, additional papers were received here, including a copy of the original partial complaint and two new complaints, along with lists of property in support of his claims that the facility where he is currently housed has not returned his personal property to him.



The complaints enclosed in the February 22, 2016 letter are, this time, captioned for the Eastern District of New York. However, they raise claims that are identical to claims previously raised in this and other courts. One of the new complaints names as defendants both the City and State of New York and three judges of this Court—Judge Kiyo A. Matsumoto, former Judge John Gleeson, and Magistrate Judge James Orenstein.[1] ECF Dkt. No. 7, at 12. The complaint alleges that "since '1979' until now! The 'devils' been 'abuseing' me and 'stealing' from me" in four psychiatric hospitals, including the Rochester facility where he is currently housed. *Id.* at 14. It also challenges Muhammad's current commitment, arguing that, "back in 1979," he was advised by his lawyers "to take the 330.20 plea because I was facing 25 years. The devils said I would do 6 months too a year. I never thought that the devils going to keep me locked up for 27 years!" (internal quotation marks omitted) *Id.* at 15. As a sidebar important to Mohammad, the complaint alleges that he is not currently receiving adequate medical treatment for his diabetes. *Id.* The complaint requests "let me give back to the court their 330.20 plea I want time served" (internal quotation marks omitted). *Id.* at 15. He demands, in addition, $100,000 in damages. *Id.* at 16.

The second complaint included in the February 22, 2016 submission names the same defendants as the original complaint: New York City, Judge Gleeson, and "Case #1:15-CV-04033-JG-JO." *Id.* at 18. It alleges: "The devils in all 4 psych centers doped me up and still trying too kill me" (internal quotation marks omitted). *Id.* at 21. It further claims that he was beaten in all four facilities and received no medical treatment for his injuries. *Id.* This

---

[1] On March 3, 2016, Judge Matsumoto issued an order recusing herself from this action, "[i]n an abundance of caution" and citing 28 U.S.C. § 455(b)(5)(i). The caution shown does not alter the reality that it is well-settled that judges have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009).

complaint similarly seeks "time served" and $100,000 in damages. *Id.* at 22.

Muhammad had previously and recently raised all of these claims in the Southern District. The original complaint submitted in this district on January 12, 2016 is a duplicate of the one filed in the Southern District on January 5, 2016 and first docketed there under Docket No. 16-CV-0082 (LAP) (S.D.N.Y.). Like the complaint filed in this district, the original complaint filed in the Southern District was missing pages, including the date and signature. *See Muhammad v. New York City, et al.*, 16-CV-0082 (LAP) (S.D.N.Y.), ECF Dkt. No. 4. That court directed Muhammad to file a completed complaint.

On the totality of the circumstances set forth in Muhammad's pleadings, this Court finds that all of the claims Muhammad has sought to raise in this action are currently pending before other courts. His claims related to the alleged abuse, beatings, property loss, and medical care remain pending in *Muhammad v. New York City, et al.*, 16-CV-0289 (S.D.N.Y.), while his challenge to his commitment status remains pending in the previously filed *Muhammad v. McCary, et al.*, 15-CV-6750 (W.D.N.Y., filed Dec. 17, 2015) and *Muhammad v. Griffin*, 16-CV-6124 (W.D.N.Y., filed on June 29, 2015 and transferred from the Southern District on Mar. 1, 2016). As no useful purpose would be served by the litigation of this duplicate later filed action, the instant complaint is dismissed without prejudice to the litigation pending under the aforementioned docket numbers in the Southern and Western Districts. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit.").

## Conclusion

For the foregoing reasons, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment accordingly and to close this case.

So Ordered.

/S/ USDJ ERIC N. VITALIANO
ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
May 5, 2016

4